**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CONDUENT BUSINESS SERVICES DATA BREACH LITIGATION | No. 25-cv-16953 (MEF)(ADS) |
| | **OPINION and ORDER** |

* * *

In assessing a motion for preliminary approval of a class action settlement, the Court generally requires evidentiary substantiation, with case-specific detail, so that it can make an appropriately informed decision as to each of the Girsh factors and each of Rule 23's requirements. See Hacker v. Elec. Last Mile Sols., Inc., 2024 WL 5102692, at *488-91 (D.N.J. Nov. 6, 2024).

The materials filed with the Plaintiffs' motion for preliminary approval of the proposed class action settlement do this in some ways --- such as regarding Girsh factor 7, and its relevance to Girsh factor 9. See generally Joint Declaration of Class Counsel ("Joint Declaration") (ECF 173-3).

But not in others. For example, the materials offer little for the Court to go on concerning the risk of establishing liability (factor 4). Class counsel's declaration shows that class counsel have done their job of getting "sufficient information to evaluate the strengths and weaknesses of Plaintiffs' claims." See id. ¶ 68; see also id. ¶¶ 33, 34. But the Court has its own responsibility to independently evaluate such strengths and weaknesses --- and the materials here do not enable the Court to do that, because they provide virtually none of the underlying relevant information. For instance, no information is provided as to the key documents and their contents or who the key witnesses are and what they would say.

Relatedly, there is little on the Plaintiffs' ideal recovery here, which goes to Girsh factors 8 and 9. Class counsel's declaration references a settlement payment of $80 million, which resulted from mediation. See id. ¶ 3. Presumably, at mediation, a method like this one was used: the Plaintiffs'

total possible recovery was multiplied by the Plaintiffs' likelihood of success to reach roughly $80 million. But without a sense of the larger baseline of total possible damages and how the baseline was calculated, the Court cannot properly assess the motion in light of the Girsh factors.

* * *

And beyond the Girsh factors, there are other difficulties in the Plaintiffs' materials.

For example, one component of the proposed settlement would require the Conduent Defendants to provide credit monitoring for every class member. See, e.g., Class Action Settlement Agreement and Release ("Settlement Agreement") (ECF 173-2) ¶ 91. The Court cannot assess the adequacy of this as relief for the class, see Fed. R. Civ. P. 23(e)(2)(C), without more information. Information as to the direct monetary relief that was left on the table in order to secure it. And as to how much people generally pay for this service.

Additionally, the proposed settlement agreement includes a reference to residual funds being disposed of via a cy pres recipient. See Settlement Agreement ¶ 141. But it is likely wiser to defer questions as to how to dispose of residual funds until later --- after initial distributions have been made, and the Court can, at that point, review the parties' proposals as to how to proceed and the administrative costs associated with each possible option.

Finally, as to the proposed class notices, the Plaintiffs have provided materials only in English. See In re Celgene Corp., Inc. Sec. Litig., 2025 WL 3492147, at *7 n.15 (D.N.J. Dec. 5, 2025).

* * *

The Plaintiffs shall file any new or supplemental materials on or before November 5.

* * *

IT IS on this 22nd day of OCTOBER, 2026, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.