**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| IN RE CONDUENT BUSINESS SERVICES DATA BREACH LITIGATION | 25-cv-16953 (MEF)(ADS)<br><br>**OPINION and ORDER** |

* * *

For purposes of this very brief Opinion and Order, the Court assumes full familiarity with the facts and procedural history of this case.

* * *

The Court has reviewed the Plaintiffs' supplemental filings at ECF 181 and is working through the relevant issues under Rule 23 and Girsh v. Jepson, 521 F.2d 153 (3d Cir. 1975).

This Opinion and Order sets out the first question that has come up.

* * *

Class counsel for the Plaintiffs declare that, at mediation, "the mediator made a proposal that the case settle for the remaining insurance available to [the Defendant]."[1] Eighty million dollars' worth.[2]

Per the Plaintiffs, a payment of anything more than the maximum available under the relevant insurance policy or policies could risk the Defendant's insolvency. And litigating through to trial could deplete what is left of the insurance.[3]

---

[1] "The Defendant" is Conduent, Inc.

[2] See Supplemental Joint Declaration of Class Counsel in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("Supplemental Declaration") (ECF 181-1) ¶¶ 28-29.

[3] See Supplemental Declaration ¶¶ 28-29; see also Plaintiffs' Supplemental Memorandum of Law in Further Support of Motion for

* * *

A proposed settlement up to the limit of the Defendant's available insurance, with nothing more, makes it especially critical for the Court to understand all of the insurance dollars that are potentially in play here.

But as to that, all the Court has to go on are indirect references. See Supplemental Declaration ¶¶ 28-29, 62. Nothing addressing head-on what policies the Defendant has available, and how it is they add up to $80 million, and no more.

In light of this, more direct evidence is required.

* * *

The Plaintiffs shall file a sworn, non-hearsay declaration, made by the Defendant's chief accounting officer or another senior finance-focused executive. The declaration shall cover two areas, each in detail. And it should include insurance-policy attachments as necessary, plus any other relevant attachments.

* * *

First, the declaration shall describe: (1) each insurance policy that the declarant believes can provide funds to cover this lawsuit; (2) the operative language of that policy; (3) the upper limit of that policy; and (4) how much of the relevant policy has not in some way been depleted and therefore is available to be tapped here.

* * *

Second, the declaration shall describe each policy that might possibly be available to provide funds to cover this lawsuit --- but that the Defendant has determined is not ultimately available.[4]

As to each policy that falls into this second category, the declarant shall quote the operative language of the relevant policy, and shall describe all other pertinent information,

---

Preliminary Approval of Class Action Settlement (ECF 181) at 11, 13-15.

[4] Perhaps the assertedly unavailable policies have already paid out in full. Or maybe they explicitly disclaim coverage for cybersecurity-related incidents.

including the underlying basis for the Defendant's bottom-line conclusion.

* * *

Additionally, the Plaintiffs shall file sworn, non-hearsay declarations covering the same territory as set out above from a senior finance-focused executive of each of the other Conduent-related defendants here --- Conduent Business Services, LLC, and Conduent State & Local Solutions, Inc.

* * *

The above-described declarations shall be filed on or before December 3 at 10:00 am.

* * *

IT IS on this 17th day of NOVEMBER, 2026, **SO ORDERED.**

Michael E. Farbiarz, U.S.D.J.